UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

J.E. and C.E., Individually, and as Parents of D.E., a minor under the age of 18 years,

        Plaintiffs,

-against-

CHAPPAQUA CENTRAL SCHOOL DISTRICT and NEW YORK STATE EDUCATION DEPARTMENT,

        Defendants.

---

14 Civ. 3295 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

  J.E. and C.E. (collectively, "Plaintiffs"), individually and as parents of disabled child D.E., bring suit under the Individuals with Disabilities Education Act ("IDEA") against defendants Chappaqua Central School District ("the District") and New York State Education Department ("SED"). Before the Court are the District's motion for judgment on the pleadings and SED's motion to dismiss. For the following reasons, the District's motion is DENIED; SED's motion to dismiss, however, is GRANTED.

## BACKGROUND

  The following facts are derived from the Complaint and the underlying administrative decision of the State Review Officer, which is attached to the Complaint as Exhibit B and referred to throughout the Complaint. For purposes of this motion, the Court accepts as true the factual allegations set forth in the Complaint.

  J.E. and C.E. are the parents of D.E., a fourteen year old child with a disability. (Compl. ¶ 3, 9.) D.E. attended school in Defendant Chappaqua Central School District from kindergarten

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/17/2015

through sixth grade. (*Id*. ¶ 9.) When D.E. entered kindergarten in 2004, he was classified as a student with autism and began receiving special education services according to his Individualized Education Program ("IEP"). (*Id*. ¶ 10.) Over the course of the 2009-2010 and 2010-2011 school years, Plaintiffs grew dissatisfied with the District's persistent failure to implement D.E.'s IEP. (*See id*. ¶¶ 16–71.) Plaintiffs also felt the IEPs developed for 2011-2012 and 2012-2013 were inadequate to meet D.E.'s needs, and feared the District would continue to neglect proper implementation. (*See id*. ¶¶ 86–123.) Consequently, Plaintiffs removed D.E. from public school and enrolled D.E. in Eagle Hill School ("Eagle Hill"), a private school in Greenwich, Connecticut, for the 2011-2012 and 2012-2013 school years. (*Id*.¶¶ 12–13.)

On July 15, 2013, Plaintiffs served an Impartial Hearing Demand on the District, seeking tuition reimbursement for D.E.'s two years at Eagle Hill. (*Id*. ¶ 14.) The Plaintiffs' Demand was amended September 13, 2013, and an impartial hearing was conducted. (*Id*.) Impartial Hearing Officer Arthur J. Venezia ("IHO Venezia") found in favor of the District on September 30, 2013, and denied Plaintiffs' reimbursement request. (*See* Compl. Ex. A, Hr'g Officer's Findings of Fact and Decision.)

Plaintiffs then appealed to the Office of State Review. State Review Officer Justyn P. Bates ("SRO Bates") dismissed the appeal on January 8, 2014, thirty-three days after Plaintiffs' final reply had been filed. (Pls.' Opp'n at 5 n.4; *see also* Compl. Ex. B, SRO Decision No. 13-212 [hereinafter, "SRO Decision 13-212"].)

In his decision, SRO Bates acknowledged that Plaintiffs' petition for review and memorandum of law "do not comport with the format requirements prescribed by State regulations." (SRO Decision 13-212 at 14.) "[T]he parents' 21-page petition for review and 21-page memorandum of law fail on their face to comply with the 20 pages [limitation]." (*Id*.) SRO

Bates also noted that "the parents' pleadings used an obviously compacted or compressed font that is blurry, difficult to read, and appears to serve the purpose of attempting to circumvent the 20-page requirement . . . ." (*Id.*) He continued:

> Due to the foregoing violations of State regulations applicable to the form requirements for pleadings submitted to the Office of State Review, I exercise my discretion to reject the parents' pleadings in this case and dismiss the parents' appeal. Nevertheless, in this instance I address, in the alternative, the merits of the parents' submission below. I remind parents' counsel of the pleading requirements expressly prescribed by State regulations and of the potential consequences in future appeals for failing to comply with the form requirements set forth in State regulations.

(*Id.*) The following nineteen pages of SRO Bates's single-spaced, thirty-three page decision are dedicated to the merits of Plaintiffs' claims. The conclusion section of the opinion does not again mention the procedural issues with Plaintiffs' pleading. (*See* SRO Decision 13-212 at 33.) Rather, SRO Bates concluded that "the evidence in the hearing record establishes that the district sustained its burden to establish that it offered the student a [free appropriate public education] for the 2011-12 and 2012-13 school years . . . ." (*Id.*)

On May 17, 2014, Plaintiffs commenced the instant action against the District and SED, seeking reversal of the decisions of IHO Venezia and SRO Bates denying reimbursement for tuition expenses incurred in sending their child to private school for two years, among other forms of relief. (Compl. ¶¶ 4(a) – (f).) Plaintiffs allege the District failed to provide a free appropriate public education ("FAPE") as required by the IDEA, 20 U.S.C. §§ 1400–1491. (Compl. ¶ 12.) They also seek an order directing SED to remove from its rotational lists any hearing officers that do not meet the requirements of 8 N.Y.C.R.R. § 200.1(x) but still serve as hearing officers. (*Id.* ¶ 4(c).)

The District now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on the grounds that this Court lacks subject matter jurisdiction because Plaintiffs did not exhaust all administrative remedies, as required by the IDEA, before commencing this

action. SED moves to dismiss the Complaint, arguing that SED is not a proper party to the proceeding, the Eleventh Amendment bars Plaintiffs' claims, the claims are moot, Plaintiffs lack standing, Plaintiffs fail to state a claim upon which relief can be granted, and the statute does not provide a private right of action for the types of claims asserted by Plaintiffs.

## STANDARD OF REVIEW

### I. Motion for Judgment on the Pleadings

Subject matter jurisdiction may be challenged through a Rule 12(c) motion for judgment on the pleadings. *See, e.g.*, *Formula One Motors, Ltd. v. United States*, 777 F.2d 822 (2d Cir. 1985). When a Rule 12(c) motion is based on a lack of subject matter jurisdiction, it is treated as a Rule 12(b)(1) motion to dismiss the complaint. *E.g.*, *U.S. ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F. Supp. 2d 443, 448–49 (S.D.N.Y. 2001). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "[T]he facts essential to show jurisdiction" must be present in the pleadings and supported by "competent proof." *U.S. ex rel. Phipps*, 152 F. Supp. 2d at 449 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 179 (1936)). The Court accepts all material factual allegations in the complaint as true on a Rule 12(c) motion. *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). "Where subject matter jurisdiction is challenged . . . a court may consider materials outside the pleadings, such as affidavits, documents and testimony." *U.S. ex rel. Phipps*, 152 F. Supp. 2d at 449 (citing *Antares Aircraft v. Fed. Rep. of Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991)).

### II. Motion to Dismiss

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

4

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations [in the complaint], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court must thus "take all well-plead factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[ ]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). However, the presumption of truth does not extend to "legal conclusions, and threadbare recitals of the elements of the cause of action." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. 662) (internal quotation marks omitted). A plaintiff must provide "more than labels and conclusions" to show he is entitled to relief. *Twombly*, 550 U.S. at 555.

## DISCUSSION

### I. Defendant School District's Motion for Judgment on the Pleadings

The District contends that Plaintiffs have not exhausted their administrative remedies under the IDEA because the SRO dismissed their appeal on procedural grounds, and therefore the Complaint must be dismissed as against the District for lack of subject matter jurisdiction. Plaintiffs aver, however, that their appeal was decided on the merits, which means they have exhausted the administrative process and their claims for review under the IDEA are properly before this Court.

The IDEA was enacted "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs . . . ." 20 U.S.C. § 1400(d)(1)(A). In order to achieve this

aim, the Act provides for several procedural safeguards. Chief among these safeguards is the impartial due process hearing whereby parents can seek relief should their disabled child be deprived of a free appropriate public education. *See* 20 U.S.C. § 1415. New York State has adopted a two-tier process for hearings. First, parents are entitled to a hearing conducted by a local educational agency before an impartial hearing officer ("IHO"). *See* N.Y. Educ. Law § 4404(1). Parents may then appeal the IHO's decision to the state educational agency for review by a state review officer ("SRO"). *See* N.Y. Educ. Law § 4404(2).

"It is well settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court . . . ." *J.S. ex rel N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 112 (2d Cir. 2004). The IDEA mandates that "before the filing of a civil action . . . the procedures under subsections (f) [impartial due process hearing] and (g) [appeal to state educational agency] shall be exhausted . . . ." 20 U.S.C. § 1415(l). Thus, "[a]n initial hearing before an IHO and an appeal from that hearing are prerequisites to bringing suit in federal court . . . ." *New York City Dep't of Educ. v. S.H. ex rel. D.H.*, No. 13 Civ. 3499 (AJN), 2014 WL 572583, at *1 (S.D.N.Y. Jan. 22, 2014). "A plaintiff's failure to exhaust administrative remedies under the IDEA deprives a court of subject matter jurisdiction." *Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 483 (2d Cir. 2002); *see Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 245 (2d Cir. 2008).

New York State regulations require that "the petition, answer, or memorandum of law [for an SRO appeal] shall not exceed 20 pages in length." N.Y. Comp. Codes R. & Regs. tit. 8, § 279.8(a)(5). The text of the pleadings must "appear as minimum 12-point type in the Times New Roman font" and "[c]ompacted or other compressed printing features are prohibited." N.Y. Comp. Codes R. & Regs. tit. 8, § 279.8(a)(2). "Documents that do not comply with the

requirements . . . may be rejected in the sole discretion of the [SRO]." N.Y. Comp. Codes R. & Regs. tit. 8, § 279.8(a).

Plaintiffs do not contest that they erred procedurally before the SRO. (*See* Pls.' Opp'n at 14.) Rather, Plaintiffs maintain that SRO Bates elected to dismiss the appeal on the merits despite his authority to dismiss the appeal procedurally, reasoning that the SRO would not have issued a single-spaced, thirty-three page decision weighing the merits of Plaintiffs' case if he had intended to dismiss the appeal on procedural grounds. (Pls.' Opp'n at 10.) The District relies on SRO Bates's one-page discussion of the formatting issues with Plaintiffs' submissions to argue that he dismissed the appeal procedurally. (Def. District's Mem. at 2.)

In *Murphy v. Arlington Central School District Board of Education*, the court determined that absent good cause, "failure to bring a timely appeal in compliance with the relevant regulations should be equated with failure to bring an appeal at all," rendering the IHO's decision final. *Murphy*, No. 99 Civ. 9294 (CSH), 1999 WL 980164, at *3 (S.D.N.Y. Oct. 28, 1999). Courts in this Circuit have generally interpreted *Murphy* to mean that "a plaintiff's procedural errors, such as failure to timely serve or file a petition for SRO review, will be deemed a failure to exhaust administrative remedies." *B.C. ex rel. B.M. v. Pine Plains Cent. Sch. Dist.*, 971 F. Supp. 2d 356, 365 (S.D.N.Y. 2013). Plaintiffs, however, attempt to distinguish the instant action from *Murphy*. *Murphy* and its progeny specifically involve the failure to timely file an appeal. In contrast, Plaintiffs' application for appeal was timely; the sole procedural error at issue is Plaintiff's noncompliance with formatting requirements. (Pls.' Opp'n at 14.) Therefore, Plaintiffs assert, the District has not cited any authority that "supports their claim that a procedural violation of *form requirements* specifically constitutes a failure to exhaust administrative remedies." (*Id*. at 11 (emphasis added).)

The Court agrees. Untimeliness is a distinctive type of procedural error; the importance of timely filing stems from "'a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time . . . .'" *R.S. v. Bedford Cent. Sch. Dist.*, 899 F. Supp. 2d 285, 290 (S.D.N.Y. 2012) (quoting *United States v. Kubrick*, 444 U.S. 111, 117 (1979)) (emphasis removed). In contrast, judgments rendered solely on the basis of easily corrected procedural errors or "mere technicalities," are generally disfavored.[1] *See, e.g., Foman v. Davis*, 371 U.S. 178, 181–82 (rejecting the notion "that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome").

The only case the District has cited to that specifically involves formatting requirements is *T.W. v. Spencerport Central School District*, 891 F. Supp. 2d 438 (W.D.N.Y. 2012), in which the reviewing federal court found that the plaintiffs had not exhausted administrative remedies. *T.W.* is distinguishable from the instant case on two key points. First, the principal error made by the *T.W.* plaintiffs was failure to timely file their appeal to the SRO; the court addressed the timeliness issue at length, but only briefly mentioned the page limit issue. *See T.W.*, 891 F. Supp. 2d at 440-41. Even the SRO in *T.W.* only devoted two sentences to the formatting defects of the parents' petition as an alternate basis for dismissal in his decision. (*See* Rushfield Affirm. Ex. F, SRO Decision No. 11-012 (SRO Decision at issue in *T.W.*) at 4.) Second, the SRO in *T.W.*, the very same SRO Bates who rendered the underlying decision in the instant case, never reached the merits of the *T.W.* plaintiffs' claims, issuing only a four-page decision detailing the history of the case and a short discussion regarding the untimeliness of the parents' appeal and their failure to comply with page limits. (*See* Rushfield Affirm. Ex. F, SRO Decision No. 11-012 (SRO Decision at issue in *T.W.*) at 1 ("[T]he merits of the parents' appeal need not be addressed

---

[1] Relatedly, Plaintiffs sought leave from the SRO to cure the defect in their pleadings, which the SRO had discretion to permit. (*See* Hoffman Aff. Ex. 8, Defendant's Answer at 17-18 and Plaintiffs' Reply at 2-5.) SRO Bates did not address this request in his decision, and appears to have simply ignored it.

because the parents have not properly initiated this appeal.").) Here, SRO Bates extensively addressed the merits of Plaintiffs' claims and rendered a decision on the substance of those claims.

Regardless of whether a failure to follow page limits can be considered distinct from untimely filing, however, Plaintiffs have still properly exhausted their administrative remedies. After setting forth the relevant facts and procedural history, SRO Bates provided an in-depth determination of the merits of Plaintiffs' claims, spanning nearly twenty pages of the thirty-three page decision; in contrast, the discussion regarding formatting irregularities comprised less than a single page. It is illogical to conclude that Plaintiffs have failed to exhaust administrative remedies when their claims were fully assessed on the merits by the SRO. The exhaustion requirement "allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children." *Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 487 (2d Cir. 2002) (internal quotation marks omitted). Because SRO Bates analyzed the merits of Plaintiffs' claims, all of these ends have been achieved.

It should be of no consequence that SRO Bates's decision to dismiss on the merits may not have been the only line of reasoning upon which he based his dismissal. The District cites numerous habeas corpus cases for the proposition that federal review of a state court's decision is foreclosed where the "state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits . . . ." (Def. District's Mem. at 9 n.8 (quoting *Velasquez v. Leonardo*,

9

898 F.2d 7, 9 (2d Cir. 1990).) Habeas corpus review involves proceedings of a different nature than other civil litigation and involves federal review of state *court* decisions, not decisions rendered by administrative entities. The District mischaracterizes *Velasquez* by failing to note that the sentence it quotes expressly says that "federal *habeas* review is foreclosed when a state *court* has expressly relied on a procedural default as an independent and adequate state ground." *Velasquez*, 898 F.2d at 9 (emphasis added). The District has not cited to any case extending such a principle to IDEA or other analogous judicial review of state *administrative* decisions, and its reliance on these habeas cases is thus inapposite.

The Court has subject matter jurisdiction over Plaintiffs' claims against the District. Plaintiffs exhausted all administrative remedies, as required by the IDEA, before seeking judicial relief. Though SRO Bates may have nominally dismissed Plaintiffs' claims on procedural grounds, he also reached the merits and dismissed their claims based on a detailed and lengthy assessment of those merits. Thus, Defendant Chappaqua Central School District's motion for judgment on the pleadings is denied.

**II.     New York State Education Department's Motion to Dismiss**

SED contends that the Complaint should be dismissed as against SED because it is not a proper party to an action for IDEA review, and argues that Plaintiffs cannot sustain the only other claim against SED in the pleadings, which seeks injunctive relief in the form of an order directing SED to remove certain hearing officers from its rotational lists. The Court agrees.

   A.     *Plaintiffs' New Factual Allegations and Documents Submitted in Opposition to the Instant Motion*

As an initial matter, Plaintiffs raise a substantial number of new allegations and legal theories for the first time in their opposition papers, including the submission of several affidavits and additional documentary exhibits. In addition, the arguments in their opposition

brief rest largely upon factual allegations that are nowhere to be found in the Complaint. (*See, e.g.*, Pl.'s Opp'n at 4-5.) Plaintiffs, in their opposition memorandum of law, "request that this motion be treated as one for summary judgment," pursuant to Rule 12(d), and "submit that summary judgment should be granted in favor of Plaintiffs." (Pl.'s Opp'n at 3.) Defendant avers, however, that the Court should not consider these matters outside the pleadings. (Def.'s Reply at 2-4.)

Under Rule 12(d), when "matters outside the pleadings are presented to and not excluded by the court," a motion to dismiss "must be treated as one for summary judgment," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). However, the rule does not require that the court convert a motion to dismiss to a summary judgment motion in every instance. Rather, the rule:

> gives district courts two options when matters outside the pleadings are presented in response to a 12(b)(6) motion: the court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.

*Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988); *see Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000). Thus, conversion is not required if the court explicitly disregards the outside materials submitted by the parties. *See Cleveland v. Caplaw Enterprises*, 448 F.3d 518, 521 (2d Cir. 2006) (matters outside pleadings presented to court were "excluded" within meaning of Rule 12(d) by district court's explicit refusal to consider outside materials); Amaker v. Weiner, 179 F.3d 48, 50 (2d Cir. 1999) ("Attachment of an affidavit or exhibit to a Rule 12(b)(6) motion, however, does not without more establish that conversion is required."); *Islip U-Slip LLC v. Gander Mountain Co.*, 2 F. Supp. 3d 296, 302 (N.D.N.Y. 2014) ("[C]onversion is not required if the court disregards the extrinsic material.").

This appears to be merely an attempt on Plaintiffs' part to bolster their pleadings. "Plaintiffs cannot amend their complaint by asserting new facts or theories for the first time in opposition to [a] motion to dismiss." *K.D. ex rel Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y. 2013) (citing cases); *see also Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998); *Deylii v. Novartis Pharms. Corp.*, No. 12 Civ. 06669 (NSR), 2014 WL 2757470, at *8 (S.D.N.Y. June 16, 2014) ("It is well-settled that a party may not amend its complaint through statements in motion papers."); *Fadem v. Ford Motor Co.*, 352 F. Supp. 2d 501, 516 (S.D.N.Y. 2005) ("It is long-standing precedent in this circuit that parties cannot amend their pleadings through issues raised solely in their briefs.") (collecting cases).

The Court disregards the extrinsic material submitted by Plaintiffs and does not consider the new factual assertions made in this material and in their opposition brief. Thus, the motion is properly decided on the complaint alone, as a motion to dismiss pursuant to Rule 12(b)(6).

B.     *SED and Judicial Review Under the IDEA*

To the extent that Plaintiffs seek judicial review of an administrative decision by the SRO regarding whether the District provided D.E. with a FAPE and whether Plaintiffs are entitled to a tuition reimbursement, SED is not a proper or necessary party. *See B.J.S. v. State Educ. Dep't/Univ. of New York*, 699 F. Supp. 2d 586, 600-01 (W.D.N.Y. 2010) (collecting cases); *see also Adrian R. ex rel. Esther D. v. New York City Bd. of Educ.*, No. 99 Civ. 9064 (WK)(JCF), 2001 WL 1175103, at *1 (S.D.N.Y. Oct. 2, 2001) ("Since this Court can order the Board of Education to provide Plaintiff with the requested educational services, the State Defendants are not necessary to this action. If Plaintiffs prevail in this action, they can obtain complete relief from the local Board of Education.").

Plaintiffs' only argument as to why SED is a proper party to this action is that they named SED as a party because they "seek an order from the Court directing SED to remove

impartial hearing officers ("IHO") that do not meet the requirements of 8 N.Y.C.R.R. § 200.1(x) and 20 U.S.C. § 1415 (f)(3)(A), but nonetheless serve as IHOs." (Pl.'s Opp'n at 4.) SED contends that the Court lacks subject matter jurisdiction to issue the injunctive relief sought by Plaintiffs because they do not have constitutional standing to pursue such a remedy. As set forth below, the Court agrees.

      C.     *Standing*

A plaintiff must have standing under the Article III of the Constitution in order to invoke the jurisdiction of a federal court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To obtain prospective relief, such as the order Plaintiffs are requesting, a plaintiff must demonstrate standing by showing "inter alia, 'a sufficient likelihood that he [or she] will again be wronged in a similar way.'" *Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)) (alteration in original). Additionally, "a plaintiff cannot rely solely on past injuries" to establish certainly impending future injury. *Id*.

Plaintiffs have failed to meet this burden of establishing that they have standing. They simply have not alleged or shown "a sufficient likelihood they will request another hearing before an IHO, the IHO will not be an attorney, and the IHO will fail to issue a timely decision or wrong plaintiffs in some other way." *H.B. and T.B. v. Byram Hills Cent. Sch. Dist.*, No. 14 Civ. 6796 (VB), slip op. at 8 (S.D.N.Y. July 20, 2015) (rejecting identical argument concerning qualifications of IHOs because plaintiffs lacked standing to assert claim). There are no allegations to this effect in the Complaint. "Such an accumulation of inferences is simply too speculative and conjectural" to support a claim for prospective injunctive relief. *Id*. (citing *Shain v. Ellison*, 356 F.3d 211, 216 (2d Cir. 2004)). Plaintiffs' reliance on *Heldman v. Sobol*, 962 F.2d 148 (2d Cir. 1992), is unavailing; the Complaint in this matter simply does not allege the types of

systemic problems alleged in *Heldman*. This argument appears for the first time in Plaintiffs' opposition papers, and the allegations of the Complaint are insufficient to support such a claim.

Therefore, SED's motion is granted and all claims against SED must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Chappaqua Central School District's motion for judgment on the pleadings is DENIED. Defendant New York State Education Department's motion is GRANTED, and Plaintiffs' claims against SED are dismissed.

An initial case management and scheduling conference pursuant to Fed. R. Civ. P. 16 is scheduled for September 9, 2015 at 12:00 p.m., at the United States Courthouse, 300 Quarropas Street, Courtroom 218, White Plains, New York 10601. Plaintiffs and the District shall confer in accordance with Fed. R. Civ. P. 26(f) prior to the conference and attempt in good faith to agree upon a proposed discovery plan that will ensure trial readiness within six months of the conference date. The remaining parties shall also complete a Civil Case Discovery Plan and Scheduling Order and bring it to the conference.

The Court respectfully directs the Clerk to terminate the motions at ECF Nos. 15 and 16, and to terminate the New York State Education Department as a defendant.

Dated:   August 17, 2015
          White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge